# DIEZ

*v.*

# GREEN.

---

San Juan, Equity, No. 1072.

DUE PROCESS OF LAW.

Federal Jurisdiction—Due Process of Law.

1. Whenever the right of a party is founded upon state legislation which undertakes to transfer to one person property belonging to another without due process, there is a controversy originating Federal jurisdiction.

Federal Jurisdiction—Collateral Dismissal.

2. Where a case between the same parties was dismissed on constitutional grounds, a new one raising other equitable matters may be permitted.

Opinion filed May 4, 1921.

Diez v. Green.

*Mr. H. R. Francis* for plaintiff.

*Mr. Cay. Coll y Cuchi* for defendant.

HAMILTON, Judge, delivered the following opinion:

The plaintiff filed herein a bill of complaint to set aside a certain mortgage on the ground that the attorney in fact who executed it was without authority. This was sustained by this court upon the proof, but the court held that the transaction had been confirmed by actions afterwards. The case was appealed, but the circuit court of appeals dismissed it on the authority of the Diaz Mor Case, [253 U. S. 345, 64 L. ed. 944, 40 Sup. Ct. Rep. 516] which held that foreigners residing in Porto Rico could not sue in the Federal court. Thereupon the defendant Green brought summary proceedings in the local court under the Mortgage Law for the foreclosure of the mortgage. The only defenses allowed in such case are three, as prescribed in art. 175 of the Regulations to the Mortgage Law, as follows:

"Art. 175. The summary proceedings referred to in this section cannot be suspended by incidental issues or any other issues raised by the debtor or the third person in possession, nor by any other person appearing as an interested party, excepting in the following cases:

"1. When documentary evidence is produced of criminal proceedings charging the forgery of the mortgage deed the subject of the proceedings, in which a complaint shall have been admitted or an order of prosecution has been issued.

Diez v. Green.

"2. When an action in intervention of ownership is filed, necessarily the title of the ownership of the estate in question recorded in favor of the intervener under a date prior to the record of the claim of the execution creditor and not canceled in the registry being necessarily filed therewith.

"3. When a certificate from the registrar is presented to the effect that the mortgage under which the proceedings are being prosecuted has been canceled, or an authentic copy of the public instrument of the cancelation of the same, bearing a memorandum of its presentation in any of the registries where it is to be noted, executed by the plaintiff or by his predecessors or successors in interest, the transfer in a proper case being also proved by documentary evidence. . . .

"All other claims that may be brought, either by the debtor or by third persons in possession and other persons interested, including those involving the nullity of the title or of the proceedings, or the maturity, truth, extinction or amount of the debt, shall be heard in the proper plenary action, without ever producing the effect of suspending or interfering with the execution proceedings. The jurisdiction to take cognizance of this declaratory action shall be determined by the ordinary rules." [Compilation 1911, § 7272.]

1. It will be seen, therefore, that the case has not been tried upon its merits in this court or the court of appeals, because of the Diaz Mor decision. And it will not be tried upon its merits in the local court, because the proceeding brought is what is called executory, that is to say, admits of no defense upon the merits with the exception of the three named in art. 175. The defense that there was no authority on the part of the attorney in fact to execute the mortgage

cannot be tried at all under the local law. The contention is that this amounts to depriving the plaintiff of due process of law.

It would seem that the point is well taken. It is depriving the plaintiff of his property without allowing him to set up a defense which he has and which he could enforce if he could bring the defendant into this court. The authorities justify the statement of Foster that whenever the right or title of either party is founded upon state legislation which undertakes to transfer to him property belonging to the other without due process of law there is a controversy as to the operation and effect of the Constitution, to which the Federal jurisdiction attaches. 1 Foster, Fed. Pr. 5th ed. 72. The matter comes up now not upon merits but upon the question of preliminary injunction.

2. The point is raised, however, that this will be doing indirectly what the law does not permit to be done directly. That is to say, that a foreigner residing in Porto Rico can come or be brought into the Federal court to test a mortgage upon equitable grounds, when nevertheless the question of constitutional rights must have been decided by implication in the circuit court of appeals when it dismissed the appeal. The opinion of that court, however, does not show that the point was raised or that the point was considered by the court. It would seem best under the circumstances to let the plaintiff give a bond which will indemnify the defendant, and to grant the preliminary injunction. It is quite likely that this court will have to come to the same conclusion as to ratifying which it did in the first suit, but the plaintiff will still have his right of appeal. In this way, both the constitutional point first

and then afterwards, if that is sustained, the question of ratification, may be passed upon by the appellate court. It would seem that this would be the proper procedure. If it is not done the plaintiff has lost his property irrevocably without the opportunity of setting up in any court not only what seems to be an equitable principle, but one which goes to the root of the mortgage and involves the constitutional rights of the plaintiff to due process of law.

The preliminary injunction will issue accordingly upon proper bond.

It is so ordered.